# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN ERVIN TITLEY, ) <br> ) <br> Defendant. ) | Case No. CR-13-82-D |

## ORDER

Defendant, a federal prisoner proceeding pro se, brings this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 51]. Relying on the Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ____, 135 S.Ct. 2551, 2563 (2015), Defendant contends his prior conviction for first degree robbery does not qualify as a predicate conviction under the Armed Career Criminal Act ("ACCA" or "the Act"), and thus, he should be resentenced without the armed career criminal enhancement. For the reasons stated below, the Court finds Defendant's motion should be denied.

## BACKGROUND

Defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). According to the Presentence Investigation Report ("PSIR") [Doc. No. 26], Defendant was eligible for sentencing under § 924(e)(1) of the ACCA, which authorizes an enhanced penalty for a person who

violates § 922(g) and has three previous convictions for crimes that meet the definition of a "violent felony" or "serious drug offense" that were committed on different occasions. *See* PSIR, ¶ 28.[1] Defendant's three prior convictions were (1) a 1987 conviction for first degree robbery in Missouri, (2) a 1992 conviction for possession of marijuana with intent to distribute in Arkansas, and (3) a 1997 conviction for unlawful possession of marijuana with intent to distribute in Garvin County, Oklahoma. *Id.* ¶¶ 33-35.

Defendant objected, arguing that his marijuana convictions did not constitute "serious drug offenses" under federal law or that of several states, and thus the term violated his rights to equal protection [Doc. No. 30]. The Court overruled Defendant's objections, and, applying the ACCA enhancement, sentenced him to a term of 180 months' imprisonment followed by three years of supervised release [Doc. No. 34]. Defendant's conviction was affirmed by the Tenth Circuit Court of

---

[1] The ACCA defines violent felony as "any crime punishable by imprisonment for a term exceeding one year" that meets one of three requirements: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) is burglary, arson, or extortion, or involves use of explosives" (the "enumerated offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *See* 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court declared the residual clause unconstitutionally vague. In *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016), the Court held *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.

Appeals, *United States v. Titley*, 770 F.3d 1357 (10th Cir. 2014), and the Supreme Court denied certiorari [Doc. No. 50].[2]

Defendant's present § 2255 motion contends that, pursuant to *Johnson*, his prior conviction for first degree robbery does not qualify as a predicate conviction under the Act, thereby necessitating resentencing without the enhancement. In response, the United States contends Defendant's motion should be denied because his robbery conviction qualifies as a predicate offense under the "elements clause" of the ACCA, and thus, any invalidation of the Act's residual clause has no bearing on his enhancement.

**DISCUSSION**

Federal law prohibits convicted felons from possessing firearms, imposing a punishment of at least fifteen years' imprisonment for violators with three or more prior convictions for violent felonies or serious drug offenses under the ACCA. *See* 18 U.S.C. §§ 922(g), 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136 (2010). Defendant contends his Missouri robbery conviction was not a "violent felony" as defined by the ACCA because it involved "the snatching of a wallet." *See* Mot. at ¶ 12. The Court disagrees.

---

[2] Defendant previously agreed that his conviction for armed robbery in Missouri qualified as a violent felony under the ACCA. *See Titley*, 770 F.3d at 1358. However, this concession does not affect his current motion since, as previously stated, *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch*, 136 S.Ct. at 1268.

3

Despite its clear repudiation of the residual clause, the *Johnson* Court specifically noted its holding did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Defendant's Missouri conviction for first degree robbery counts as a violent felony under the ACCA's elements clause. At the time of his robbery conviction, Missouri's first degree robbery statute provided:

> 1. A person commits the crime of robbery in the first degree when he *forcibly steals* property and in the course thereof he, or another participant in the crime,
>    (1) Causes serious physical injury to any person; or
>    (2) Is armed with a deadly weapon; or
>    (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
>    (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

*See* Mo. Rev. Stat. § 569.020 (emphasis added); *State v. Steward*, 734 S.W. 2d 821, 822 n. 3 (Mo. 1987). To this end, the Tenth Circuit has previously held that a Missouri conviction for first degree robbery is a violent felony under the ACCA's elements clause. *See United States v. Sprous*, 389 F. App'x 826, 828 (10th Cir. 2010) (unpublished) ("A crime is a violent felony if it is punishable by imprisonment for more than a year and has as an element the use, attempted use, or threatened use of physical force against the person of another. ... *There is no question that Missouri second-degree assault and first-degree robbery are violent*

*felonies.*") (emphasis added; citations and internal quotations omitted). Defendant's 1987 conviction for first degree robbery in Missouri has, as an element, "the use, attempted use, or threatened use of physical force against the person of another" and thus supports his armed career criminal classification and ACCA sentence enhancement.

## CONCLUSION

Because Defendant's prior robbery conviction qualifies under the elements clause without regard to the ACCA's residual clause, Defendant has not shown his sentence falls within the scope of the substantive ruling in *Johnson* or that he will benefit from *Johnson*. Accordingly, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 51] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 2nd day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE